STATE OF INDIANA EX REL. FOREST HILLS CONSERVANCY DISTRICT *v.* MADISON CIRCUIT COURT, STEWART, JUDGE, ETC.

[No. 29,350.   Filed May 22, 1956.]

*Lee B. Fidler,* of Anderson, for relator.

*Robert L. Shearer, Philip S. Cooper* and *William L. Peck,* of Anderson, for respondents.

LANDIS, J.—This is an original action of mandamus brought by relator, Forest Hills Conservancy District,

asking that respondent court be mandated to assume jurisdiction and set hearing date on objections to the appraisers' report in a certain proceeding to establish a Conservancy District, to be known as Forest Hills Conservancy District, Cause No. 4789, in the Madison Circuit Court.

From the petition and response it appears that in 1951 petition was filed for establishment of a Conservancy District; that a change of venue from the judge was taken, and in 1953 Special Judge Osburn assumed jurisdiction of the cause; that a judgment was entered establishing the Conservancy District, and objections were later filed to the appraisers' report; that Special Judge Osburn thereafter resigned, and respondent judge declined to re-assume jurisdiction of the cause.

Respondent has filed return contending among other things that the Conservancy Act of Indiana[1] under which relator Conservancy District was established is unconstitutional.

The question of the constitutionality of the Conservancy Act of Indiana has recently been considered by this court in the case of *State, P. R. R. Co., et al. v. Iroq. Cons. Dist. Ct. et al.* (1956), 235 Ind. 353, 123 N. E. 2d 848, and this court in such case decided that said act was unconstitutional.

On the authority of *State, P. R. R. Co., et al. v. Iroq. Cons. Dist. Ct., et. al., supra,* holding said entire Conservancy Act to be unconstitutional, we must conclude that respondent has no authority to re-assume jurisdiction and entertain further proceedings in a certain action to establish a Conservancy District to be known as Forest

[1] Acts 1947, ch. 239, p. 902, being §27-1201, et seq., Burns' 1948 Repl.

Hills Conservancy District, Cause No. 4789, pending in the Madison Circuit Court.[2]

The petition for writ of mandamus is accordingly denied.

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 553.

---

[2] As to the protection afforded the acts of a de facto officer before his office is declared unconstitutional, see note 10 to opinion of Bobbitt, C. J., in the *State of Indiana ex rel. Pennsylvania Railroad et al.* v. *Iroquois Conservancy District of Indiana et al.* (1956), 235 Ind. 353, 132 N. E. 2d 848.